**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **TAMUNOMIM OBOMANU, on behalf of himself and all others similarly situated,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**HOME DEPOT USA, INC.,**<br><br>**Defendant.** | Civil Action No. _____<br><br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT** |

## I.     PRELIMINARY STATEMENT

1.      In Massachusetts and Connecticut, employers must pay their employees for all hours worked. *See* M.G.L. c. 149 § 148; 454 Code Mass. Regs. § 27.02; C.G.S. § 31-71a(3); Regs., Conn. State Agencies Sec. 31-60-11.  Hours worked in both states includes all time during which an employee is required "to be on the employer's premises…"  454 Code Mass. Regs. § 27.02; C.G.S. Sec. 31-76b(2)(A) ("all time during which an employee is required by the employer to be on the employer's premises…"); Regs., Conn. State Agencies Sec. 31-60-11; *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 690-691 (1946) (that the time pottery workers spent walking to and from their workstations was compensable because "[s]uch time was under the complete control of the employer, being dependent solely upon the physical arrangements which the employer made in the factory."); *Johnson v. Walgreen Eastern Co.*, Civil Action No.: 3:23-CV-00743-JCH, ECF No. 59, pg. 7 (D. Conn., Mar. 28, 2024) (denying a motion to dismiss a distribution center worker's "walking time" claims under Connecticut law); *Davis v. Target Corp.*, 2025 WL 553354, *11 (E.D. Pa. Feb., 19, 2025) (slip. op) (granting

summary judgement to a class of warehouse workers on their "walking time" claims under Pennsylvania law).[1]

2.      Here, Defendant, Home Depot USA, Inc. ("Defendant" or "Home Depot") required Plaintiff, Tamunomim Obomanu ("Plaintiff"), and all other hourly, non-exempt employees at its Connecticut and Massachusetts Distribution Centers (the "Class") (defined below in Section V, ¶ 40) "to be on its premises" to walk to and from the time clocks before and after their paid shifts.  Defendant arranged its Distribution Centers so that the time clocks are located deep within the buildings, not near the entrances, requiring Plaintiff and the Class to incur daily unpaid walking time.

3.      As a result of this practice, Defendant unlawfully retained hundreds of thousands of dollars in wages it should have paid to Plaintiff and the Class for the time it required them to be on its premises.  Accordingly, Defendant is liable to Plaintiff and the Class for damages, interest, attorneys' fees, and costs.  *See* M.G.L. c. 149 §§ 148, 150; C.G.S. Sec. 31-68(a); C.G.S. Sec. 31-72.

## II.    JURISDICTION AND VENUE

4.      This Court has personal jurisdiction over Defendant because Defendant conducts significant business in Massachusetts. Defendant owns and operates numerous Home Depot store locations within Massachusetts.

5.      This Court has subject matter jurisdiction over this proposed class action pursuant to 28 U.S.C. § 1332(d), which, under the provisions of the Class Action Fairness Act ("CAFA"), explicitly provides for the original jurisdiction of the federal courts in any class action in which

---

[1]   Pennsylvania's definition of "hours worked" is materially the same as Massachusetts' and Connecticut's.  *See* 34 Pa. Code. § 231.1 ("The term [hours worked] includes time during which an employee is required by the employer to be on the premises of the employer …").

at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a

citizen of a State different from any defendant, and the matter in controversy exceeds the sum of

$5,000,000.00, exclusive of interest and costs. Plaintiffs allege that the total claims of individual

members of the proposed Class (as defined herein) are well in excess of $5,000,000.00 in the

aggregate, exclusive of interest and costs.

6.      Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because this is a

judicial district in which a substantial part of the events or omissions giving rise to the claim

occurred.

## III.    PARTIES

7.      Defendant is a foreign corporation organized under the laws of the State of

Delaware, with a principal office located at 2455 Paces Ferry Road, Atlanta, Fulton County,

Georgia 30339.  Defendant's Massachusetts Registered Agent is Corporation Service Company,

located at 84 State Street, Boston, Suffolk County, Massachusetts 02109.  At all relevant times,

Defendant operated four Distribution Centers in Massachusetts, and two Distribution Centers in

Connecticut.

8.      Plaintiff is an adult resident of Springfield, Hampden County, Massachusetts.

Defendant employed Plaintiff as a non-exempt, hourly Associate at its Westfield, Massachusetts

Distribution Center from January 11, 2024 until February 17, 2025, and Defendant paid him

$21.12 per hour.

## IV.    LEGAL CLAIMS

### COUNT I: NON-PAYMENT OF WAGES IN
### VIOLATION OF THE MASSACHUSETTS WAGE ACT

9.      The Wage Act requires that employers pay their employees for all earned wages

in a timely manner.  *See* M.G.L. c. 149 § 148; 454 Code Mass. Regs. § 27.02.

10.     By failing to compensate Plaintiff and other similarly situated Distribution Center employees in Massachusetts for all hours worked, including required walk time on the premises, Defendant has failed to pay earned straight time wages as required by the Wage Act.  *Id.*

11.     As a result of Defendant's unlawful conduct, Defendant is liable to Plaintiff and the Massachusetts Class Members for mandatory triple damages, plus interest, attorneys' fees, and costs.  *See* M.G.L. c. 149 § 150; *see also Reuter v. City of Methuen*, 184 N.E.3d 772, 781 (Mass. 2022).

**COUNT II: NON-PAYMENT OF OVERTIME WAGES IN**
**VIOLATION OF THE MASSACHUSETTS OVERTIME STATUTE**

12.     Massachusetts law requires employers to compensate employees at a rate of one and one-half times their regular hourly rate for all hours worked in excess of forty per week. *See* M.G.L. c. 151 § 1A.

13.     By failing to pay for compensable walk time, Defendant failed to account for all hours worked by Plaintiff and the Class.  As a result, the inclusion of this unpaid time would have caused some employees' total weekly hours to exceed forty, thereby triggering additional overtime obligations under Massachusetts law.

14.     As a result of Defendant's violations, Defendant is liable to Plaintiff and the Massachusetts Class Members for three times the amount of their unpaid overtime wages, plus interest, costs, and attorneys' fees.  *See* M.G.L. c. 149 § 150; M.G.L. c. 151 § 1B; *see also Reuter*, 184 N.E.3d at 781.

**COUNT III: NON-PAYMENT OF OVERTIME WAGES IN**
**VIOLATION OF THE CONNECTICUT MINIMUM WAGE ACT**

15.     Based upon the foregoing, Defendant violated the Connecticut Minimum Wage Act by failing to compensate its Connecticut employees for all their "hours worked," including

the time they spent walking from the entrance to the time clocks before clocking in and walking from the time clocks to the exit after clocking out.

16.     Accordingly, for those weeks where overtime hours were worked, Defendant is liable to the Connecticut Class Members for unpaid overtime wages and penalty damages calculated at "twice the full amount of such … overtime wage less any amount actually paid to him or her by the employer, with costs and such reasonable attorney's fees as may be allowed by the court[.]"  C.G.S. § 31-68(a).

### COUNT IV: NON-PAYMENT OF STRAIGHT TIME WAGES IN VIOLATION OF THE CONNECTICUT WAGE ACT

17.     Based upon the foregoing, Defendant violated the Connecticut Wage Act by failing to compensate its Connecticut employees for all their "hours worked," including the time they spent walking from the entrance to the time clocks before clocking in and walking from the time clocks to the exit after clocking out.

18.     Accordingly, Defendant is liable to the Connecticut Class Members for unpaid straight time wages calculated at "twice the full amount of such wages, with costs and such reasonable attorneys' fees as may be allowed by the court," pursuant to C.G.S. § 31-72.

## V.     FACTS

19.     Defendant is a national retail corporation headquartered in Atlanta, Georgia.  It operates a chain of retail stores and two Distribution Centers in Connecticut, including locations in South Windsor and Bloomfield, and four Distribution Centers in Massachusetts, including locations in Westfield, Tewksbury, Norton, and Norwood.

20.     Defendant has employed hundreds of hourly, nonexempt workers at its Massachusetts and Connecticut Distribution Centers during the period of the Class's claims.

21.     At the beginning of each shift, Defendant requires all its hourly employees to enter its Distribution Centers and then walk through the premises to where the time clocks were located to clock in.

22.     Defendant did not pay Plaintiff, and does not pay the Class, for the time they spend walking from the entrance across its Distribution Center to the time clocks before clocking in each shift.

23.     At the end of each shift, Defendant requires all its hourly workers to clock out at the time clocks and then walk across its Distribution Centers to exit the premises.

24.     Defendant did not pay Plaintiff, and does not pay the Class, for the time they spend walking from the time clocks across its Distribution Center to the exit after clocking out each shift.

25.     Defendant's Distribution Centers are massive.  For example, its Distribution Center located at 360 Ellington Road, South Windsor, Hartford County, Connecticut 06074, is approximately 420,000 square feet.[2]

---

[2]   *Home Depot Regional Distribution Center: 360 Ellington Road, South Windsor, Connecticut*, *ArcGIS StoryMaps*, https://storymaps.arcgis.com/stories/66320c33ff8a4b0484384a3baf1dc698 (last visited Apr. 04, 2025).



26.    Defendant's Bloomfield, Connecticut Distribution Center, located at 170 Highland Park, Bloomfield, Hartford County, CT 06002, is roughly 449,000 square feet.[3]

---

[3]    Winstanley Enterprises, *170 Highland Park*, *Winstanley Enterprises LLC*, https://www.winent.com/portfolio/properties/170-highland-park (last visited Apr. 04, 2025).

27.    Defendant's Westfield, Massachusetts Distribution Center, located at 50

Campanelli Drive, Westfield, Hampden County, MA 01085, is roughly 657,000 square feet.[4]



28.    Defendant's Tewksbury, Massachusetts Distribution Center, located at 495

Woburn Street, Tewksbury, Middlesex County, MA 01876, is roughly 715,000 square feet.[5]

---

[4]  Ted LaBorde, *Home Depot Opens New Rapid Deployment Center in Westfield*, *MassLive* (Dec. 09, 2010), https://www.masslive.com/news/2010/12/home_depot_opens_new_rapid_dep.html (last visited Apr. 04, 2025).

[5]  *Home Depot Distribution Center - Tewksbury, MA*, *Integrated Builders*, https://integratedbuilders.com/home-depot-distribution-center-tewksbury-ma/ (last visited Apr. 04, 2025).

29.     Defendant's Norton, Massachusetts Distribution Center, located at 40 Leonard Street, Norton, Bristol County, MA 02766, is roughly 100,000 square feet.[6]

30.     Defendant's Norwood, Massachusetts Distribution Center, located at 625 University Avenue, Norwood, Norfolk County, MA 02062, is roughly 218,259 square feet.[7]

31.     Due to the size of Defendant's Distribution Centers, it takes employees several minutes to walk to and from the time clocks each shift.

32.     Plaintiff estimates that he spent approximately three to four minutes per shift walking to and from the time clocks while off the clock.  Over the course of a typical workweek, this amounted to approximately 15 to 20 minutes of unpaid compensable straight time or overtime depending on the number of hours Plaintiff worked on-the-clock that week.

33.     Plaintiff and the Class incurred this unpaid straight and overtime because Defendant chose to place its time clocks deep within its massive Distribution Centers instead of near the main entrances.

34.     By failing to compensate for this time, Defendant retained wages that should have been paid to Plaintiff and the Class for its own benefit.

35.     Upon information and belief, Defendant has used this practice across its Massachusetts and Connecticut Distribution Centers during the class period, and has thereby retained hundreds of thousands of dollars in unpaid wages owed to Plaintiff and the Class.

---

[6]  *Condyne Completes 100,000 SF Build-to-Suit for Home Depot*, *Condyne Capital Partners* (Jul. 13, 2021), https://www.condyne.com/2021/07/13/condyne-completes-100000-with-home-depot/ (last visited Apr. 04, 2025).
[7]  *Home Depot Distribution Center Lease Renewed in Norwood*, *Key Realty Services* (Oct. 16, 2016), https://keyrealty.com/commercial-real-estate/2016/10/16/home-depot-distribution-center-lease-renewed-in-norwood-3/ (last visited Apr. 04, 2025).

## VI.    CLASS ACTION ALLEGATIONS

36.    Plaintiff brings this claim on his own behalf and on behalf of all other Members of the Class.

37.    The Class is defined as follows:

> All current and former employees of Home Depot USA, Inc., who worked at any of Home Depot USA, Inc.'s Distribution Centers in Massachusetts from April 17, 2022, through the date of final judgment in this matter and in Connecticut from April 17, 2023 through the date of final judgment in this matter.

38.    Class certification for these claims is appropriate under Rule 23 of the Massachusetts Rules of Civil Procedure because all the requirements of Rule 23 are satisfied.

39.    The Class is so numerous that joinder of all Members is impracticable. Upon information and belief, Defendant employed hundreds of non-exempt, hourly workers in its Massachusetts and Connecticut Distribution Centers during the period of the claim.

40.    There are questions of law and fact common to the Class, including whether the Defendant unlawfully failed to pay Plaintiff and Class Members for compensable walk time in violation of Massachusetts and Connecticut law. *See e.g., Alfonso v. FedEx Ground Package Sys., Inc.*, 2024 WL 1007220, *12 (D. Conn., Mar. 08, 2024) (slip op.) (whether walking time is compensable under Connecticut law is a common question of law); *Davis v. Target Corp.*, 2023 WL 8373162, at *3 (E.D. Pa., Dec. 1, 2023) (commonality met where "class members share the important common question of whether time spent walking from the building entrance to the time clocks and back again is compensable" under Pennsylvania's Minimum Wage Act).

41.    The claims of the Plaintiff are typical of those of the Class Members. Plaintiff challenges the same unlawful pay practices, and his claims arise from the same legal theories and factual circumstances that apply to the Class as a whole.

42.     Plaintiff will fairly and adequately protect the interests of the Class.  His claims are not antagonistic to the claims of the putative Class, and Plaintiff has hired counsel skilled in the prosecution of wage and hour class actions.

43.     Common questions of law and fact predominate over questions affecting only individuals. *See Alfonso*, 2024 WL 8373162, *13-15 (finding predominance satisfied in security screening and walking time case); *Davis*, 2023 WL 8373162, *4-6 (predominance satisfied in walking time case); *Martinez v. Amazon.com Servs. LLC*, 2024 WL 4817214, at *11 (D. Md., Nov. 18, 2024) ("Plaintiff's claims present common legal questions as to the compensability of security screening wait-times.").

44.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  This proposed class action is the superior method of adjudication because it presents few management difficulties, conserves the resources of the Parties and the court system, protects the rights of each Class Member, and maximizes recovery to them.

45.     Class action status for Connecticut and Massachusetts employees is appropriate because Defendant's policies in those two states are the same, and both states define working time the same way.  *See Quint v. Vail Resorts, Inc.*, 2022 WL 4550087, at *2 (D. Colo., Jul. 8, 2022) (denying motion to dismiss employment claims under state law brought for states where named plaintiffs did not live or work); *Rodriguez v. PPG Indus., Inc.*, 2023 WL 2435476, at *6 (W.D. Pa., Jan. 27, 2023), *report and recommendation adopted in part, rejected in part*, 2023 WL 2422189, *3 (W.D. Pa., Mar. 9, 2023).

46.     Based upon the foregoing, Defendant violated the wage laws of Massachusetts and Connecticut by failing to compensate Plaintiff and the Class for time spent walking on

Defendant's premises, from the employee entrance to the time clocks and back, both before and after their shifts.

47.     Accordingly, Defendant is liable to Plaintiff and the Class for unpaid wages, penalty and liquidated damages, plus interest, attorneys' fees, and costs. *See* M.G.L. c. 149 § 150; C.G.S. Sec. 31-68(a); C.G.S. Sec. 31-72.

## VII.    DEMAND FOR RELIEF

WHEREFORE, Plaintiff requests that the Court:

a)      Certify this action as a class action pursuant to M.G.L. c. 149 § 148;

b)      In the alternative, certify this case as a class action pursuant to Massachusetts Rule of Civil Procedure 23;

c)      Appoint Plaintiff as Class Representative;

d)      Appoint the undersigned as Class Counsel;

e)      Award treble damages, plus interest, attorneys' fees, and costs pursuant to M.G.L. c. 149 §§ 148, 150;

f)      Award penalty damages, plus interest, attorneys' fees and costs pursuant to C.G.S. Sec. 31-68(a) and C.G.S. Sec. 31-72;

g)      Issue an order permanently enjoining Defendant from continuing the challenged pay practice; and

h)      Award such other relief as the Court deems just.

## VIII.   JURY DEMAND

The Plaintiff demands a trial by jury.

Dated:  June 19, 2025

Respectfully submitted,

The Plaintiff,
TAMUNOMIM OBOMANU, on behalf of
himself and all others similarly situated,
By his Attorneys,

*/s/ Richard E. Hayber*
Richard E. Hayber, Esq. (BBO # 569131)
Raymond Dinsmore, Esq. (BBO # 667340)
Ryan B. Guers, Esq. (BBO # 713870)
Thomas J. Durkin, Esq.*
Hayber, McKenna & Dinsmore, LLC
750 Main Street, Suite 904
Hartford, CT 06103
Phone: (860) 522-8888
Fax: (860) 218-9555
Email: rhayber@hayberlawfirm.com
        rdinsmore@hayberlawfirm.com
        rguers@hayberlawfirm.com
        tdurkin@hayberlawfirm.com

*To be admitted *pro hac vice*

*Attorneys for Plaintiff and the Putative Class*

13